OSGOOD-LEWIS-PERKINS, INC., A CORPORATION, APPELLEE AND CROSS-APPELLANT, V. ALMA M. GREEN ET AL., APPELLANTS AND CROSS-APPELLEES.

135 N. W. 2d 718

Filed June 11, 1965. No. 35857.

Otto Kotouc, Jr., William L. Walker, and Earl Ludlam, for appellants.

Wiltse, Wiltse & Lantzy and Paul P. Chaney, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

The district court quieted title in plaintiff to uplands and accretions located in Richardson County and along the Missouri River. The principal issue is the proper method of apportioning accretions.

Reference to the sketch which appears on the following page will simplify some problems. The right bank of the Missouri River in 1890 is shown by the 1890 meander line, which separates the accretions from the uplands. Title was quieted in plaintiff to tracts ABCDA and EFGHE. Defendants have renounced any interest in the disputed land located west of the easternmost 1927 U.S.G.L.O. accretion line, except for an undefined part of the lower tract which they are claiming by adverse possession.

Titles to certain other lands are unchallenged, but they are relevant to our disposition of the apportionment issue. The United States holds in trust Lot 3, also known as the Indian land; but it is not a party to this suit. We are unable to determine the nature of the trust or the applicability of state law.

Defendant Alma M. Green, hereinafter called Alma, with whom the other defendants are in privity, owns land riparian to the 1890 meander line south from the Nebraska-Kansas boundary to a point below the end of

the 1890 U.S.G.L.O. survey, together with all Kansas accretions extending east to the present bank of the river.

Defendants urge us to apply the ratio of frontages on the 1890 meander line to the new bank. See, Swanson v. Dalton, *ante* p. 55, 131 N. W. 2d 704; Conkey v. Knudsen, 143 Neb. 5, 8 N. W. 2d 538. By that formula Alma would gain all accretions south of line JK, although the allocation would be diminished by her disclaimer.

A weighty factor in selecting an appropriate method of division is a prior action involving the Indian land. In 1929 the United States obtained a judgment by confession against defendants who are predecessors in title of the present parties. In that case the court added to Lot 3 the accretion bounded on the north, south, and east by the 1927 U.S.G.L.O. lines.

The judgment was rendered in accordance with a plat of survey executed by the United States Surveyor in 1927 and accepted by the Commissioner of the General Land Office. In the sketch the easternmost 1927 U.S.G.L.O. line, which is located in Nebraska, represents the 1927 meander of the right bank.

In the survey the ordinary frontage-to-frontage method of apportionment was modified by use of the incomplete 1927 line. The right bank of the river was not surveyed south of the state boundary. The explanation offered by the assistant commissioner in the acceptance was that accretion located in one state could not be attached to riparian land located in another state.

The course of the chute in Kansas, as shown in the sketch, was platted from a 1959 aerial photograph; and the evidence is persuasive that a satisfactory 1927 meander line of the bank in Kansas cannot now be established.

The 1929 judgment is not to be ignored. "* * * a judgment may be an operative fact * * * although the rules of res judicata are not applicable." Restatement, Judgments, § 111, p. 527.

General principles governing allocation of alluvion, reliction, and frontage lose utility when we unbalance competing needs for uniformity and flexibility. See Cramer v. Perine, 251 N. Y. 177, 167 N. E. 213. The judgment under review, in prolonging the sidelines easterly beyond the chute, is not responsive to the equitable demand for flexibility under the evidence.

The exceptional facts in the case at bar impel us to adopt the 1927 meander line in Nebraska as the old bank to be measured under the frontage-to-frontage method approved in Conkey v. Knudsen, *supra*. Whether or not the 1929 judgment was erroneous, it is an equitable barrier to use of the 1890 line. Our conclusion defeats defendants' claim to any land as accretion to Kansas uplands.

Defendants also rely upon principles of res judicata. Green v. Ector, 187 Kan. 240, 356 P. 2d 664, is said to be decisive of Alma's right to accretion.

In the pleadings, the findings of fact, the conclusions of law, and the judgment we discover no suggestion that title to accretion in Kansas was quieted in Alma on the basis of accretion in Nebraska. The contestants were Alma and the State of Kansas. By stipulation Alma was to prevail unless the land was an island.

Nothing in that case affects any right in this case. If a question of fact was neither directly nor indirectly in issue in a former action, a judgment in the former action clearly is not conclusive of the question in a subsequent suit on a different cause of action. See Boomer v. Olsen, 143 Neb. 579, 10 N. W. 2d 507.

Although defendants have no interest, evidence should be taken on remand in order that accretions east of the 1927 meander line may be apportioned in accordance with the method which we approve on the evidence before us. This conclusion and the state of the record are our reasons for pretermitting decision on plaintiff's claims to this land by adverse possession and record title.

Defendants' disclaimers and plaintiff's evidence of pos-

session and chains of title to land west of the 1927 meander line amply support the findings and judgment in that respect except for the interest of the United States. Several discrepancies in description should be considered on remand. The tract adjoining Lot 3 on the south and the tracts adjoining the north and south boundaries of the accretion added to Lot 3 in the 1929 judgment lack common boundaries with the Indian land. Justification does not appear.

To guide the proceeding on remand we turn to other branches of the controversy. The findings and judgment against defendants on their claim by adverse possession are correct. Contentions concerning causes of action against Alma for removal of 1962 and 1963 crops are open to disposition by the district court.

The judgment is affirmed as to the part concerning land located west of the 1890 meander line and not abutting Lot 3, and the judgment is reversed as to the other parts. The cause is remanded for proceedings consistent with this opinion, each party to pay his own costs.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.